[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14398
Non-Argument Calendar
_____

Agency No. 024221-10

DIEP N. HOANG,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petition for Review of a Decision
of the U.S. Tax Court
_____

(May 2, 2014)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Proceeding pro se, Diep Hoang petitions for review of the United States Tax Court's decision upholding the Internal Revenue Services's ("IRS") determination of his income tax liability for the 2006 tax year.   After careful review of the briefs and the record, we affirm the Tax Court's decision.

## I. BACKGROUND

### A.    The IRS's August 2010 Notice of Deficiency

Hoang's individual tax return for the year 2006 was due on October 15, 2007.  But Hoang did not file a 2006 tax return until much later—on September 2, 2009, to be specific.  This belated tax return reported an adjusted gross income of $22,921.19 (including dividends of $19,027.84 and capital gains of $2,891.19) and a taxable income of $13,221.  Hoang left blank the fields for taxes paid and taxes owed.

The IRS was dubious about the accuracy of Hoang's 2006 tax return—particularly the reported gross and taxable income.  Various different brokerage firms submitted to the IRS Form 1099s which indicated that Hoang received a total of $14,855,797 in proceeds from sales of securities during 2006.

Given the large discrepancy between the income reported in Hoang's tax return and the sales proceeds reported by Hoang's brokerage firms, the IRS issued a notice of deficiency for the year 2006.  The IRS notice, dated August 3, 2010, contained the following determinations:  (1) a deficiency of $5,188,587 in income

2

taxes for 2006; (2) an "addition to the tax" of $1,297,533.50 for failure to file a timely return; and (3) a penalty of $1,037,717.40 for understating the taxable income on the 2006 tax return.

The IRS arrived at these figures by treating all of Hoang's sales proceeds reflected in the Form 1099s—i.e., the entire $14,855,797—as capital gains.  The IRS did so because there was no information about the cost basis for the securities—in other words, there was no evidence about how much Hoang had paid for the securities he sold in 2006.  Absent such information, the IRS treated the entire $14,855,797 as capital gains.  With that premise, the IRS calculated that Hoang owed $5,188,587 in income taxes for 2006.

On top of that income-tax deficiency, the IRS assessed two penalties:  First, the IRS added a 25 percent charge (or $1,297,533.50) because Hoang filed his 2006 tax return in September of 2009, which was long past the applicable due date. Second, the IRS imposed a 20 percent penalty (or $1,037,717.40) because Hoang's 2006 tax return significantly understated Hoang's income.

**B.    Hoang's Petition in the Tax Court**

Hoang responded to the IRS notice by filing a Tax-Court petition disputing the deficiency.  Proceeding pro se, Hoang contended that the IRS's notice of deficiency was "totally invalid and illegal" for several reasons:  (1) the IRS was not authorized by the Internal Revenue Code to issue the notice; (2) the tax

3

increase was fabricated; (3) the IRS failed to meet its burden to prove the legality of the notice; (4) the notice "was designed to cover up the fact that [the IRS] was a self-convicted perjurer"; and (5) the notice "was issued to retaliate" against Hoang for reporting that the IRS committed perjury in a prior controversy between Hoang and the IRS.

Hoang also attempted to state a "counterclaim/charge" because "the issuance of this [notice] constitute[d] a criminal act disguised as tax collection." Hoang demanded that the IRS pay over $75 million in fines and damages for its conduct.

## C.    Discovery

As litigation commenced in the Tax Court, the IRS made multiple attempts to verify the accuracy of its notice of deficiency. Specifically, the IRS served several discovery requests on Hoang to obtain information about his cost basis—in other words, how much Hoang had paid for each of the securities he sold in 2006. With that, more precise calculations could be made as to what part of the $14,855,797 in 2006 sales proceeds were, in fact, capital gains.

The IRS's first attempt was a request for admission asking Hoang to concede that he did indeed "receive[] $14,857,461 in capital gains during the 2006 income tax year."[1]  As an attachment to the request, the IRS provided Hoang with

---

[1]The IRS calculated a total of $14,857,461 in capital gains by adding the reported dividends and distributions Hoang received during 2006 ($1,664) to the reported 2006 sales proceeds ($14,855,797).

a detailed and lengthy list of securities sales Hoang made in 2006, including the respective sales dates and proceeds of each sale.

Hoang never properly answered this request for admission. Instead, he pro se objected to the IRS's request as unconstitutional. The Tax Court overruled this objection and ordered Hoang to file an amended response. In lieu of answering the request, Hoang asserted that the Tax Court lacked jurisdiction because the IRS's notice of deficiency was issued on August 3, 2010—more than three months after the applicable statute of limitations allegedly expired on April 15, 2010. Hoang also explained that there were "no more documents to be used at this late time because all of them were discarded after [April 15, 2010]."

The IRS then moved to deem the matters stated in the request as admitted. The Tax Court deferred its ruling on the IRS's motion until after trial and specifically warned Hoang that he must present evidence of a cost basis for the securities he sold in 2006. This was not the first time the Tax Court issued such a warning: in denying a motion filed by Hoang, the Tax Court stated in writing that Hoang had "accomplished nothing positive through the multiple motions he has filed; henceforth, he might care instead to prepare for trial by focusing his energy on amassing evidence of his basis in capital assets that he may have sold or exchanged during the year in issue."

5

Hoang also had further opportunities to provide such cost-basis information during discovery.  For example, the IRS served on Hoang a request for production seeking "all documents reflecting your cost basis in each of the securities sold by you during the 2006 income tax year."  Similarly, the IRS served an interrogatory asking Hoang to provide a list detailing any cost basis he may have for any of the securities he sold in 2006.  But Hoang did not respond to these requests.

Having received no valid responses to its inquiries, the IRS served on Hoang a proposed stipulation of facts.  As part of this proposed stipulation, the IRS included the same detailed list of all securities Hoang sold in 2006, along with the date and proceeds of each sale.  After Hoang refused to stipulate to the proposed facts, the Tax Court ordered Hoang to show cause why the proposed stipulation should not be accepted as established.  Hoang pro se responded by generally denying the correctness of the stipulation of facts and disputing the Tax Court's authority over him.  Concluding that this response was "evasive and not fairly directed to the [IRS's] proposed stipulation," the Tax Court ordered that the proposed stipulation of facts was "accepted as established."  This meant Hoang stipulated that he received $14,855,797 in total proceeds from the sale of securities in 2006.

**D.    The Trial**

As the case proceeded to trial, the Tax Court asked Hoang the critical question of this case—whether Hoang's 2006 sales proceeds of $14,855,797 were indeed capital gains.  The Tax Court explained to the pro se Hoang that it would be in Hoang's best interest to present a cost basis for the securities he sold in 2006.

In response, Hoang stated that he did provide the required cost-basis information to the IRS along with the 2006 tax return he filed in 2009.  But, according to Hoang, the IRS threw it all away.

 Hoang then presented Exhibit 4-p, a 13-page document containing fragments of various other documents.  The first two pages of Exhibit 4-p appear to be duplicates of one page of the IRS's August 2013 notice of deficiency—with several added hand-written comments.  The third page of Exhibit 4-p is difficult to decipher: the bottom appears to be part of a Form 4868 Hoang filed on April 14, 2007 to request an extension for his 2006 tax return; the top of the document states Hoang's reasons for the requested extension.

The fourth and fifth page of Exhibit 4-p are fragments of a document Hoang ostensibly filed with the IRS on Oct 15, 2007, a Form 1040 with most fields left blank.  The sixth and seventh page of Exhibit 4-p are a Form 1040X, an "Amended U.S. Individual Income Tax Return" which Hoang apparently filed on November 18, 2010.  However, all amounts stated on the document are zeroes.

7

The eighth and ninth page of Exhibit 4-p appear to be yet another Form 1040X; this one apparently filed on April 29, 2011.  In this document, Hoang claimed that he had gross proceeds of $12,412,898.92 from the sale of securities through the brokerage firm Scottrade.  Hoang also asserted that his records from Scottrade showed total securities purchases in the amount of $12,674,848.06.   In parenthesis, Hoang designated this amount as the cost basis for the securities he sold through Scottrade in 2006.  With that premise, Hoang claimed a capital loss of $261,950.74 for the year 2006.

This same document also referenced an Exhibit A and an Exhibit B as attachments, and it appears that Hoang included these two attachments as the tenth and eleventh page of Exhibit 4-p.  The tenth page has a handwritten "Exh A" on the bottom and appears to be one page of a "Composite Substitute 1099 Statement" issued by Scottrade for the year 2006.  It appears to be "page 2" of a multi-page document.  It also does not show the name of the Scottrade account holder. However, the document does indicate proceeds of $12,412,898.92 from the sale of "stocks, bonds, etc."

The eleventh page of Exhibit 4-p has a hand-written "Exh B" on the bottom and appears to be "page 47" of a multi-page document issued by Scottrade.  The document is entitled "Supplemental Information" for the year 2006.  It, too, does not show the name of the Scottrade account holder.  The document does, however,

8

state "Total Purchases" of $12,674,849.06. But it does not indicate how the $12,674,849.06 amount was determined, except with respect to three 2006 purchases of Walgreen Company stock and eight 2006 purchases of Xerox Corporation stock. For each of these eleven transactions, the dates, share quantities, and dollar amounts are listed. The total amount for these eleven purchases is $211,198.00.

The twelfth page of Exhibit 4-p is difficult to identify: it appears to be "page 3" of an answer or response to factual allegations. Finally, the thirteenth and last page of Exhibit 4-p appears to be a part of the petition Hoang filed in Tax Court on November 1, 2010.

Hoang sought to admit Exhibit 4-p into evidence. But the Tax Court excluded Exhibit 4-p in its entirety, concluding that the documents appeared incomplete and altered, lacked authentication, and—in any event—had not been provided before trial.

The Tax Court also struck all testimony that was based on Exhibit 4-p. As such, the Tax Court ruled inadmissible Hoang's testimony that he filed an amended 2006 tax return in April of 2011 showing "a capital loss of $200,000" and Hoang's attempt to support this assertion with the two pages of Scottrade documents ("Page 2" or "Exh A" and "Page 47 or "Exh B") he attached to this amended 2006 tax return.

Before excluding this testimony, the Tax Court reviewed the two pages of Scottrade documents and inquired whether the IRS could use them to compute a cost basis for the securities Hoang sold in 2006. Counsel for the IRS indicated that the IRS would "love to do that" but these two pages were plainly insufficient. The two pages did not indicate how much Hoang paid for each of the securities he sold in 2006.

## E.    The Tax Court's Decision

After the trial, the Tax Court issued a thorough 48-page memorandum with findings of fact and an opinion. The Tax Court found, among other things, that the August 2010 notice of deficiency was timely and correctly determined that Hoang had $14,857,461 in capital gains during the 2006 tax year. The latter determination was established through the IRS's request for admission that Hoang "receive[] $14,857,461 in capital gains during the 2006 income tax year." Hoang had several opportunities to show why this admission sought by the IRS was not true—but he failed to do so. This failure justified deeming the requested admission established.

Alternatively, the Tax Court explained that even if this request for admission had not been deemed established, Hoang would have failed to meet his burden of showing that the IRS's determination of his 2006 capital gains was incorrect. The Tax Court found that Hoang presented "no evidence to allow [the Tax Court] to

estimate the cost bases of the securities sold in 2006." The Tax Court therefore concluded "that Hoang had capital gains of $14,857,461 as that amount is calculated in the notice of deficiency."

The Tax Court then determined that Hoang (1) had a tax deficiency for the year 2006 in the amount of $5,188,587; (2) was responsible for an addition to tax in the amount of $1,297,533.50 because he filed his 2006 tax return 22 months past the due date; and (3) incurred a $1,037,717.40 penalty for understating his tax liability on his tax return.

Hoang timely appealed to this Court.

## II. DISCUSSION[2]

### A. Statute of Limitations

Hoang contends that the IRS's notice of deficiency, dated August 3, 2010, was time barred as to the 2006 tax year. We disagree.

Once a taxpayer has filed a tax return, the IRS has three years to assess taxes against that taxpayer. 26 U.S.C. § 6501(a). This three-year period applies "whether or not such return was filed on or after the date prescribed." Id. But if the taxpayer fails to file a return, the tax may be assessed "at any time."

---

[2]Hoang's pro se appellate brief is, at times, difficult to follow. Given Hoang's pro se status, we have liberally construed his arguments. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Id. § 6501(c)(3).  Put differently, the three-year statute of limitations begins to run if and when the taxpayer files a tax return.

Here, the evidence showed that Hoang did not file a 2006 tax return until September 2, 2009.  The IRS filed its notice of deficiency on August 3, 2010, less than three years after September 2, 2009.  As such, the IRS timely filed the notice of deficiency.

Hoang argues that he filed a tax return in April 2007 and, therefore, the statute of limitations expired in April 2010.  But the evidence does not support Hoang's contention.  Instead of a tax return, Hoang filed only an application for an extension in April 2007—which does not trigger the statute of limitations.  The Tax Court therefore correctly ruled that the IRS's notice of deficiency was timely.

**B.    Hoang's 2006 Tax Liability**

The IRS calculated Hoang's 2006 tax liability of $5,188,587 based on its determination that Hoang had $14,857,461 in capital gains.  The IRS based this capital-gains determination on the various Form 1099s submitted by Hoang's brokerage firms, indicating that Hoang received at total of $14,855,797 in proceeds from security sales during 2006.  Without any evidence of a cost basis, the IRS treated the entire $14,855,797 in sales proceeds as capital gains and calculated Hoang's 2006 tax liability accordingly.

The Tax Court correctly upheld the IRS's capital-gains determination for two reasons.  First, the IRS served a request for admission asking Hoang to admit that he indeed had capital gains of $14,857,461 in 2006.   Hoang had many opportunities to show why this requested admission was incorrect.  He never did— even though the Tax Court expressly and repeatedly urged him to do so.  Accordingly, we cannot say that the Tax Court erred in deeming the request for admission established.

Second, the IRS's determination of Hoang's 2006 capital gains was correct—even without the request for admission.  An IRS determination in a notice of deficiency has "the support of a presumption of correctness," and Hoang, as the petitioner, "ha[d] the burden of proving it to be wrong."  Welch v. Helvering, 290 U.S. 111, 115, 54 S. Ct. 8, 9 (1933); Bone v. C.I.R., 324 F.3d 1289, 1293 (11th Cir. 2003) ("[T]he Commissioner's determinations in his notices of deficiency were entitled to a presumption of correctness, and Taxpayers bore the burden of proving, by a preponderance of the evidence, that the Commissioner's determinations were incorrect."); see Tax Court Rule 142(a)(1) ("The burden of proof shall be upon the petitioner, except as otherwise provided by statute or determined by the Court . . . .").

Again, Hoang had multiple opportunities to come forward with evidence showing that the IRS's calculation of his 2006 capital gains was wrong.  But

13

Hoang never presented evidence of a cost basis for the securities he sold in 2006—notwithstanding the Tax Court's repeated warning that he must do so.  Given Hoang's failure to provide evidence of a cost basis, the Tax Court correctly upheld the IRS's capital gains determination.  See Better Beverages, Inc. v. United States, 619 F.2d 424, 428 n.4 (5th Cir. 1980) ("Where the taxpayer fails to carry this burden to prove a cost basis in the item in question, the basis utilized by IRS, which enjoys a presumption of correctness, must be accepted even where, as here, the IRS has accorded the item a zero basis.").[3]

Hoang's only attempt to provide cost-basis information was his trial testimony based on four of the 13 pages of documents contained in Exhibit 4-p.  As described in detail above, Hoang presented (1) an amended 2006 tax return apparently filed in April 2011 (Form 1040X); (2) the one-page Scottrade "Composite Substitute 1099 Statement" for the year 2006 ("Exh A" or "page 2"); and (3) the one-page "supplemental information" provided by Scottrade ("Exh B" or "page 47").

The Tax Court excluded Exhibit 4-p because it contained documents that were incomplete, altered, and unauthenticated.  The Tax Court also struck Hoang's testimony based on these documents.  We need not decide whether the Tax Court

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

correctly excluded this evidence because, even if admitted, it would not meet Hoang's burden of establishing a cost basis for each of the securities he sold in 2006.

One reference on the April 2011 amended 2006 tax return summarily claims "total purchases" and a cost basis of $12,674,849.06. There is no itemization of what securities are in that lump-sum cost basis, much less a calculation of what a particular security cost and for how much it was sold. Thus, Hoang's assertion of a cost-basis in his amended tax return is not enough to overcome the presumption of correctness afforded to the IRS's August 2010 notice of deficiency.

The only support Hoang offered for this cost-basis assertion was the one-page "Supplemental Information" ("Exh B" or "page 47"). This document states "Total Purchases" of $12,674,849.06, but it does not explain how this particular number was calculated. It lists only eleven security purchases totaling $211,198. This document would not allow the IRS to match each of Hoang's 2006 sales of securities with a corresponding purchase. At best, the document could suggest that Hoang bought a total of $12,674,849.06 in securities through Scottrade in 2006. But that in no way establishes how much Hoang paid for each of the securities he sold in 2006. As such, the document falls far short of providing cost-basis evidence sufficient to rebut the presumption of correctness enjoyed by the IRS's notice of deficiency.

15

In light of Hoang's failure to provide evidence of a cost basis for the securities he sold in 2006, we must affirm the Tax Court's determination of Hoang's 2006 tax liability.

## C.    Hoang's Remaining Contentions

Throughout his brief, Hoang discusses two "grievances" he allegedly filed in 2007.  The "grievances" are, ostensibly, the two reasons Hoang listed in his April 2007 request for an extension to file his 2006 tax return.  Both appear to relate to prior controversies between Hoang and the IRS.  First, Hoang explained that he was waiting for the IRS to issue a corrected taxable income for a prior tax year.  Second, Hoang stated that he was waiting on instructions from the Tax Court "on how to switch from accrual method to cash basis with regard to reporting taxable interest/capital gains (losses)."

We fail to see the legal significance of either one of Hoang's "grievances." Whatever their merit, neither "grievance" relieved Hoang from his basic duty to file an accurate and timely tax return for the year 2006.   Nor did Hoang's "grievances" discharge Hoang of his burden to present evidence of a cost basis to rebut the presumption of correctness afforded to the IRS's notice of deficiency. The Tax Court correctly rejected Hoang's arguments premised on the two "grievances."

16

Similarly, we find no merit in Hoang's argument that the Tax Court erred in denying Hoang's motion to approve his "counterclaims" against the IRS. Hoang's motion was "For an Order Suppressing the Notice of Deficiency and Adjudicating [His] Counterclaims Against [the IRS] and Referring Criminal Malfeasance to Federal Law Enforcement." The Tax Court denied this motion as procedurally defective because it combined several types of requests and addressed the merits of prior motions. In his brief, Hoang does not make any arguments that his filing was procedurally correct or did not address the merits of prior motions. Accordingly, Hoang has abandoned any such argument. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (noting that "issues not briefed on appeal by a pro se litigant are deemed abandoned").[4]

**AFFIRMED.**

---

[4]We also find no merit in Hoang's arguments regarding the Tax Court's own civil or criminal liability.